No. 9863.

Orleans Appeal.

## ZIMMERN BROTHERS v. B. MANHEIM

(December 15, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Sales, Par. 35, 36, 42.**

A contract, however onerous, for the sale and delivery of merchandise, is binding upon all parties thereto in the absence of allegations or proof that the vendor has been guilty of fraud or misrepresentation.

Appeal from First City Court for the Parish of Orleans, Div. "B", Hon. Val J. Stentz, Judge.

This is a suit under a written contract for the purchase price of goods.

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Weiss, Yarrut and Stich, attorneys for plaintiff and appellee.

Scott E. Beer, attorneys for defendant and appellant.

BELL, J. This is a suit under a written contract for goods, consisting of antique jewelry, sold by plaintiff to defendant, and totalling in amount the sum of $372.00. From a judgment in favor of plaintiff for the sum of $279.00, defendant has appealed. The sale and delivery occurred on the same date, December 22, 1923, in defendant's store at New Orleans. The document showing the transaction has been offered by both parties, and consists of an itemized list of the jewelry and its prices. The terms of the sale are also stated in this exhibit as "Less 50% net 30 days." The defendant admits to having signed the document under the words "Recd. & O. K." The answer admits the purchase and receipt of the goods and the prices as itemized, but denies that anything is due unless it be a small balance of $13.00. Further answering, defendant avers:

"That by separate, independent, oral agreement, made with petitioner at the time, which said agreement was independent and totally disconnected with the receipt or slip made out by petitioner, and not intended to be covered by said written slip or receipt, petitioner agreed that defendant could return any of the goods found unsatisfactory or unsalable; that defendant found same unsalable and so wrote petitioner, and offered the said goods back (three lavelliers, at $80, billed at $160.)"

Only three witnesses have testified in this case. For the plaintiff, a member of the firm (also its salesman) has testified by deposition. The testimony of the defendant himself is of no value whatever, for the reason that he is shown in the record, to have testified under oath to certain facts which the third witness, his own bookkeeper, proved to be absolutely untrue. The inconsistent statements of this bookkeeper also show that she was greatly prejudiced in favor of her employer. There is nothing in the record to support defendant's contention that by verbal agreement, either contemporaneously with or subsequent to the sale, he was given the privilege of returning any of the listed jewelry. We find no merit in the argument of defendant's counsel that because of the $93 payment made within thirty days and because of the attempted return of certain goods long after thirty days, the entire bill has been paid, with the exception of $13. The plain and unqualified terms of the contract, however onerous they may have been, were that the entire amount of the bill, to-wit, $372, was

to be reduced to half that amount, if all— not a portion of it—should be paid within thirty days. This has not been done. The entire balance as sued for, therefore, is due, and a judgment for that amount is correct.

It is, therefore, ordered that the judgment appealed from herein be and the same is hereby affirmed at defendant's costs in both courts.